# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| T.R., a minor appearing by his mother and natural guardian, Zeanna Robinson, J.R., a minor appearing by his mother and natural guardian, Zeanna Robinson, D-L.S., a minor appearing by his mother and natural guardian, Zeanna Robinson, Z.R., a minor appearing by his mother and natural guardian, Zeanna Robinson, and Zeanna Robinson, individually,<br><br>       Plaintiffs,<br><br>v.<br><br>Kevin Lazarchic, individually and in his professional capacity as a Minneapolis Police Officer,<br><br>       Defendant. | Case No: _____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

_____

Plaintiffs, Zeanna Robinson ("Ms. Robinson") and her minor children, T.R., J.R., D-L.S., and Z.R., through their attorneys, J. Ashwin Madia and Christopher J. Kuhlman, Union Plaza, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, allege the following for their causes of action against the defendant:

## INTRODUCTION

1. This is a civil rights action for money damages for injuries sustained by Plaintiffs as a result of the use of excessive force, unreasonable seizure, intentional infliction of emotional distress, and the violation of Ms. Robinson's constitutional rights by defendant Officer Kevin Lazarchic ("Lazarchic").

## PARTIES

2. Ms. Robinson is, and was at all times material herein, a citizen of the United States and a resident of the State of Minnesota.

3. Ms. Robinson is a black, thirty-year-old mother of four children. Ms. Robinson is approximately 5'3 and weighs less than 130 pounds.

4. Ms. Robinson is the mother of T.R., who is presently thirteen years of age, J.R., who is presently eleven years of age, D-L.S., who is presently nine years of age, and Z.R., who is presently fourteen months of age. T.R., J.R., D-L.S., and Z.R. live with Ms. Robinson and Ms. Robinson is responsible for their housing, medical care, and emotional and physical well-being. She is entitled to their services during minority.

5. Defendant Lazarchic, upon information and belief, was at all times material herein, duly appointed and acting as a police officer of the Minneapolis Police Department. Upon information and belief, Lazarchic, is a large, muscular man, weighing around 200 pounds.

**JURISDICTION & VENUE**

6.      Ms. Robinson brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

7.      The amount in controversy exceeds seventy-five thousand ($75,000) dollars, excluding interest and costs.

8.      Venue is proper in the District of Minnesota under 28 U.S. §§ 1391(b) because the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

9.      Upon information and belief, on or around April 24, 2009, Officer Mathew Kipke of the Minneapolis Police Department obtained a search warrant for 3619 Girard Avenue North.

10.     Upon information and belief, the focus of the warrant was not Ms. Robinson, her children, or any of the other residents at 3619 Girard Avenue North.

11.     The Minneapolis Police Department planned to execute the warrant on the evening of April 29, 2009 with the assistance of its SWAT team.

12.     Ms. Robinson and her friend Ms. Kimesha Boyd resided at 3619 Girard Avenue North with Ms. Robinson's children; T.R., J.R., D-L.S., and Z.R. whom she had custody of on the day of the incident. Ms. Robinson, Ms. Boyd, and all of the above mentioned children were in the home on the evening of April 29, 2009. Also present

were Ms. Kimeki Pitchford, Mr. Christian Johnson, and Ms. Boyd's brother, D-J.S., and Ms. Boyd's boyfriend, Mr. Bryan Caldwell.

13. With their assault rifles drawn, the SWAT team entered 3619 Girard Avenue North at approximately 9:20 PM on April 29, 2009 and ordered the individuals in preceding paragraph 11 to get on the ground and then proceeded to restrain them.

14. Confused and concerned for her children, Ms. Robinson questioned the police as to why they were in her house.

15. Officer Lazarchic directed racial, derogatory and demeaning language towards Ms. Robinson, calling her at various times, "a stupid black bitch," a "dumb bitch," and a "no good ass cunt."

16. When Ms. Robinson objected to the manner in which Lazarchic was speaking to her in front of her children, Lazarchic approached Ms. Robinson, who was handcuffed and laying face-down on the floor, and assaulted her.

17. Specifically, while Ms. Robinson lay restrained and face-down on the floor, Lazarchic placed his knee on the back of her neck and applied a great amount of pressure to the back of Ms. Robinson's neck.  Then, Lazarchic grabbed Ms. Robinson by her hair and began to bounce his weight up and down upon his knee, driving Ms. Robinson's neck and face into the wood floor.  Ms. Robinson cried and screamed in pain as her children witnessed their mother being attacked, while handcuffed, by the uniformed police officer. Several of Lazarchic's fellow officers laughed while observing Ms. Robinson's pain.

18. Lazarchic then grabbed Ms. Robinson, by the back of her pants, lifted her from the floor, and then slammed her face down upon the wood floor.  Ms. Robinson continued to cry and scream in pain.

19. Lazarchic picked Ms. Robinson up again in the same manner to bring her to her feet.  Lazarchic then took Ms. Robinson out of the house in a manner that caused her bare feet to be repeatedly dragged and banged upon the ground.  Lazarchic dragged Ms. Robinson in this manner to a squad car parked outside the residence, and then threw Ms. Robinson's face against the side of the squad car, before placing her inside.

20. Lazarchic's abuse of Ms. Robinson was done in the presence of her children.

21. Several unidentified officers laughed as Lazarchic assaulted Ms. Robinson and did nothing to intervene.

22. Ms. Robinson was not physically aggressive or resistive to Lazarchic and did nothing to merit Lazarchic's assault on her, which was wholly unjustified.

23. Ms. Robinson committed no crime and was never charged with any crime relating to this incident.

## COUNT I:

### VIOLATIONS OF 42 U.S.C. § 1983

24. Ms. Robinson realleges the allegations contained in paragraphs 1 through 23 herein against defendant Lazarchic.

25. By the actions described above, Lazarchic, under color of state law, violated and deprived Ms. Robinson of her clearly established and well-settled civil rights to be free from the excessive and unreasonable use of force and unreasonable seizure.

26. Defendant Lazarchic subjected Ms. Robinson to these deprivations of her rights either maliciously or by acting with reckless disregard for whether her rights would be violated by his actions.

27. As a direct and proximate result of the acts of Lazarchic, Ms. Robinson suffered injuries and wage loss, was forced to endure great pain and mental suffering, and is therefore entitled to a compensatory damage award in excess of seventy-five thousand ($75,000) dollars.

28. Punitive damages are also properly awardable against Lazarchic and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. § 549.20.

29. Ms. Robinsion is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT II:

### VIOLATIONS OF 42 US.C. §1981

30. Ms. Robinson realleges the allegations contained in paragraphs 1 through 29 herein against defendant Lazarchic.

31. Defendant Lazarchic committed the aforesaid acts against Ms. Robinson as a direct result of Ms. Robinson's ethnic heritage, race or national origin.

32. Lazarchic's actions were racially motivated and discriminatory in violation of 42 U.S.C. § 1981 and violated, among other things, plaintiff's rights to due process of law and directly and proximately caused plaintiff to suffer the injuries and incur the damages set forth herein.

33. As a direct and proximate result of the acts and omissions of defendant Lazarchic, plaintiff was damaged in amount exceeding seventy-five thousand ($75,000) dollars.

34. Punitive damages are also properly awardable against defendant Lazarchic and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. § 549.20.

35. Ms. Robinson is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs re-allege and incorporate by reference all prior paragraphs of this Complaint.

37. Defendant acted with reckless disregard for Plaintiffs' emotional well-being when attacking Ms. Robinson as described above.

38. Defendant's conduct was extreme, outrageous, and beyond the standards of civilized decency.

39. As a direct and proximate result of Defendant's conduct, Plaintiffs each suffered damages in excess of seventy-five thousand dollars ($75,000.00) in an amount to be determined at trial.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor as follows:

1. As to Count One, a money judgment against defendant Lazarchic for compensatory damages in excess of seventy-five thousand ($75,000.00) dollars in an amount to be determined at trial, and punitive damages in a like amount, together with costs, including reasonable attorneys' fees, under 42 U.S.C. §§ 1983 and 1988 and prejudgment interest;

2. As to Count Two, a money judgment against defendant Lazarchic for compensatory damages in excess of seventy-five thousand ($75,000.00) dollars in an amount to be determined at trial, and punitive damages in a like amount, together with costs, including reasonable attorneys' fees, under 42 U.S.C. §§ 1983 and 1988 and prejudgment interest;

3. As to Count Three, a money judgment against defendant Lazarchic for compensatory damages in excess of seventy-five thousand ($75,000.00) dollars in an amount to be determined at trial, and punitive damages in a like amount, together with costs, including reasonable attorneys' fees, and prejudgment interest; and

4. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

Dated: November 6, 2009

<u>s/J. Ashwin Madia</u>
J. Ashwin Madia
MN Bar No. 0321187
ATTORNEY FOR PLAINTIFFS
MADIA LAW LLC
333 Washington Ave. N., Suite 345
Minneapolis, MN 55401
Telephone: 612.349.2723
Fax: 612.349.2760
Email: jamadia@madialaw.com

and

Christopher J. Kuhlman
MN Bar No. 0386840
ATTORNEY FOR PLAINTIFFS
THE LAW OFFICES OF
CHRISTOPHER KUHLMAN, PLLC
333 Washington Ave. N., Suite 300
Minneapolis, MN 55401
Phone: 612.349.2747
Fax: 612.349.2760
Email: ckuhlman@cklegal.com